IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| EVAN KIMOKEO LOWTHER, A1039758, | ) ) ) | CIV. NO. 20-00343 JAO-KJM |
| Plaintiff, | ) ) | ORDER DENYING IN FORMA PAUPERIS APPLICATION AND |
| vs. | ) ) ) | MOTION FOR APPOINTMENT OF COUNSEL |
| SCOTT HARRINGTON, DOVIE BORGES, CAROLINA GUNN, | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## ORDER DENYING IN FORMA PAUPERIS APPLICATION AND MOTION FOR APPOINTMENT OF COUNSEL

Before the Court is pro se Plaintiff Evan Kimokeo Lowther's ("Plaintiff")

Declaration in Support of Request to Proceed without Paying Filing Fees ("IFP

Application") and Motion for Appointment of Counsel.  ECF Nos. 2, 3.  For the

following reasons, Plaintiff's IFP Application and Motion for Appointment of

Counsel are DENIED.

## I.    IFP APPLICATION

Plaintiff is currently incarcerated at Halawa Correctional Facility.  His IFP

Application is not on a District of Hawaii form, and it therefore lacks (1)

Plaintiff's written consent to the withdrawal of funds from his prison account; and

(2) an account statement for the preceding six months showing all deposits and

withdrawals to his prison account.  *See* 28 U.S.C. § 1915(a)(2).  Plaintiff's IFP

Application is DENIED as incomplete.

Plaintiff is DIRECTED to submit a complete IFP Application on a District

of Hawaii form that contains the information listed above, on or before September

3, 2020.  Failure to timely do so will result in **automatic dismissal** of this suit

without prejudice.  *See* Fed. R. Civ. P. 41(b); *see also Olivares v. Marshall*, 59

F.3d 109, 112 (9th Cir. 1995).  The Court will take no action on any future filings

until Plaintiff pays the civil filing fee or is granted IFP status.

## II.     MOTION FOR APPOINTMENT OF COUNSEL

There is no constitutional right to counsel in a civil case where, as here, a

litigant's liberty is not at issue.  *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18,

25 (1981).  A court may request, but cannot compel, counsel to appear pro bono

on a plaintiff's behalf.  *See* 28 U.S.C. § 1915(e)(1); *Mallard v. U.S. Dist. Court for

the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989).  The Court's discretion to appoint

pro bono counsel is governed by several factors, including the Plaintiff's

likelihood of success on the merits and ability to articulate the claims in light of

their complexity.  A plaintiff must also show "exceptional circumstances" that

support the appointment of counsel.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th

Cir. 1991).

Plaintiff seeks appointment of counsel because he is indigent and states, "I dont [sic] know how this all works but I do need help." ECF No. 3. Plaintiff can read and write and is able to coherently articulate his claims. A cursory review of Plaintiff's claims do not reveal that they are particularly complex or show exceptional circumstances supporting the appointment of counsel.

Moreover, Plaintiff has been denied IFP status, and the Court cannot proceed until a fully compliant IFP Application on District of Hawaii forms has been filed and granted. The Court will then screen the Complaint to determine if it states a plausible claim for relief, Plaintiff's likelihood of success on the merits of his claims, and whether exceptional circumstances justify appointment of counsel. *See Terrell*, 935 F.2d at 1017. Plaintiff's Motion for Appointment of Counsel is DENIED without prejudice.

The Clerk is DIRECTED to send Plaintiff an Application to Proceed In Forma Pauperis by a Prisoner so that he can comply with this Order.

//

//

//

//

//

//

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, August 13, 2020.



Jill A. Otake
United States District Judge

*Lowther v. Harrington, et al.*, Civil No. 20-00343 JAO-KJM; Order Denying In Forma Pauperis Application and Motion for Appointment of Counsel