IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EVAN KIMOKEO LOWTHER, #A1039758,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT HARRINGTON, et al.,<br><br>Defendants. | Civil No. 20-00343 JAO-KJM<br><br>ORDER DISMISSING COMPLAINT |

## **ORDER DISMISSING COMPLAINT**

Before the Court is pro se Plaintiff Evan Kimokeo Lowther's ("Lowther")

Prisoner Civil Rights Complaint brought pursuant to 42 U.S.C. § 1983.  ECF No.

1.  Lowther alleges that Defendants,[1] prison officials at the Halawa Correctional

Facility ("HCF"),[2] violated his constitutional rights by housing him with "high

security custody inmates," denying him eight hours of uninterrupted sleep each

night, and providing an inadequate law library.  For the following reasons, the

Complaint is DISMISSED with leave granted to amend.

---

[1]  Lowther names in their official and individual capacities Warden Scott
Harrington ("Harrington"), Residency Section Administrator Dovie Borges
("Borges"), and Librarian Carolina Gunn ("Gunn").

[2]  Lowther is currently incarcerated at the Waiawa Correctional Facility ("WCF"),
a minimum-security prison for sentenced male inmates.

## I. <u>STATUTORY SCREENING</u>

The Court is required to screen all in forma pauperis prisoner pleadings against government officials pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).  Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  *See id.*

Rule 12 is read in conjunction with Rule 8(a)(2) when screening a complaint; Rule 8 "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v.*

2

*Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citation omitted).  The "mere possibility of misconduct," or an "unadorned, the-defendant-unlawfully-harmed-me accusation" falls short of meeting this plausibility standard.  *Id.* at 678–79 (citations omitted); *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint.  *See Lopez*, 203 F.3d at 1130.  When a claim cannot be saved by amendment, dismissal with prejudice is appropriate.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.  **BACKGROUND**[3]

Lowther alleges that he received a "minimum security classification" in June 2020, but claims that he was "forced to house, eat[, and] sleep with high security custody inmates."  ECF No. 1 at 5.  According to Lowther, Defendant Borges wrote a letter to Lowther stating that his housing situation might not change "for 6

---

[3]  Lowther's factual allegations are accepted as true.  *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

month[s] or longer[.]" *Id.*  By letter to the Court dated September 30, 2020,

however, Lowther acknowledged that he had been transferred from the HCF to the

minimum-security WCF.  ECF No. 13.

Lowther further alleges that he was deprived of eight hours of uninterrupted

sleep while at the HCF.  ECF No. 1 at 6.  Lowther claims that prison officials

performed a final headcount at 9:30 p.m., a "standing headcount" at 4:30 a.m., and

another headcount at 6:30 a.m.  *Id.*

Lastly, Lowther alleges that the HCF's law library is "severely outdated."

*Id.* at 7.  He claims that prison litigation manuals are more than ten years old,

directories of federal and state officials are three years old, and a list of available

forms is not posted.  *Id.*

Lowther seeks injunctive relief and compensatory damages, and he requests

a jury trial.  *Id.* at 8.

## III.  DISCUSSION

### A.    Legal Framework for Claims under 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege:  (1) that a

right secured by the Constitution or laws of the United States was violated, and

(2) that the alleged violation was committed by a person acting under color of state

law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  Section 1983 requires a

connection or link between a defendant's actions and the plaintiff's alleged

deprivation.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976); *May v. Enomoto*, 633 F.2d 165, 167 (9th Cir. 1980).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).  Thus, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and must affirmatively link that injury to the violation of his rights.

## B.    Eleventh Amendment Immunity

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984).  It does not bar official-capacity suits for prospective relief to enjoin alleged ongoing violations of federal law.  *See Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989).  Nor does it bar suits for damages against state officials in their personal capacities.  *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

Lowther names all Defendants in both their individual and official capacities.  To the extent he seeks monetary damages against Defendants in their official capacities, those claims are barred by the Eleventh Amendment and DISMISSED with prejudice.

Lowther also seeks non-monetary, prospective relief against Defendants in their official capacities.  *See* ECF No. 1 at 8.  Specifically, he requests an order: (1) preventing HCF officials from performing a standing headcount at 4:30 a.m.; (2) requiring HCF officials to provide eight hours of uninterrupted sleep to inmates; (3) instructing HCF officials to update the law library's most-used books and post a list of available forms; and (4) forcing HCF officials to house him in accordance with his "minimum security status."  ECF No. 1 at 8.  Because Lowther has been transferred from the HCF to the WCF, however, these requests are moot and DISMISSED with prejudice.  *See Pride v. Correa*, 719 F.3d 1130, 1138 (9th Cir. 2013) ("When an inmate challenges prison conditions at a particular correctional facility, but has been transferred from the facility and has no reasonable expectation of returning, his claim is moot." (citation omitted)).

**C.    Eighth Amendment Claims**

Lowther claims that Defendants violated the Eighth Amendment by housing him with "high security custody inmates" and denying him eight hours of uninterrupted sleep.  ECF No. 1 at 5–6.

The Eighth Amendment prohibits "cruel and unusual punishments."  U.S. Const. amend. VIII.  The Amendment imposes duties on prison officials to "provide humane conditions of confinement."  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted).  Prison officials must ensure, therefore, that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates.  *See id.*

In general, a prison official violates the Eighth Amendment only when two requirements are satisfied:  (1) the deprivation alleged must be, objectively, "sufficiently serious," and (2) the official must have acted with "deliberate indifference" to inmate health or safety.  *Id.* at 834 (citations omitted).  In order to be "sufficiently serious," "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'"  *Id.* at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).  "Deliberate indifference" requires more than negligence but does not require purpose or knowledge.  *See id.* at 836.

"[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety[.]"  *Id.* at 837.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.*

7

### 1.    Housing Classification

Lowther alleges in Count I that Defendant Borges violated the Eighth Amendment simply by housing him with "high security custody inmates."  ECF No. 1 at 5.  Lowther fails to state a claim upon which relief may be granted, however, because prisoners have no constitutional right to be housed in a particular prison unit.  *See Meachum v. Fano*, 427 U.S. 215, 224–28 (1976); *see also Coco v. Grigone*, 5 F.3d 535 (table), 1993 WL 321612, at *1 (9th Cir. Aug. 23, 1993) (stating that "[Plaintiff] does not have an inherent constitutional right . . . to be placed in a particular housing unit." (citations omitted)); *see also Repass v. Delaney*, 943 F.2d 55 (table), 1991 WL 178043, at *1 (9th Cir. Sept. 10, 1991) (same); *Grandinetti v. Abercrombie*, Civil No. 15-00006 DKW/RLP, 2015 WL 225497, at *2 (D. Haw. Jan. 16, 2015) ("It is black letter law that a prisoner has no constitutional right to incarceration in a particular institution, housing unit, or state." (citation omitted)).

If Lowther chooses to file an amended pleading, he must explain how his housing placement denied him the "minimal civilized measure of life's necessities."  He also must show that Borges acted with deliberate indifference to his health or safety in making the housing placement.  Without satisfying both of these requirements, Lowther fails to state an Eighth Amendment claim.  Lowther's

Eighth Amendment claim against Borges in Count I is DISMISSED with leave granted to amend.

### 2. Duration of Sleep

Lowther alleges in Count II that Defendant Harrington violated the Eighth Amendment by enforcing a "policy" that did not provide inmates with eight hours of uninterrupted sleep.[4]  ECF No. 1 at 6.

As a preliminary matter, it appears that Lowther names Harrington solely because of his supervisory position as warden of the HCF.  Supervisory personnel may not be held liable under 42 U.S.C. § 1983, however, for the actions of subordinate employees based on respondeat superior or vicarious liability.  *See Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013); *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074–75 (9th Cir. 2013).

"A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between

---

[4] Unlike in Counts I and III, Lowther does not allege in Count II that he exhausted his administrative remedies.  *Compare* ECF No. 1 at 6, *with id.* at 5, 7.  Although the Prison Litigation Reform Act states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted," 42 U.S.C. § 1997e(a), and exhaustion is mandatory, *see Soto v. Sweetman*, 882 F.3d 865, 869 (9th Cir. 2018), a court "may dismiss the underlying claim without first requiring the exhaustion of administrative remedies" if the prisoner fails to state a claim upon which relief can be granted, *see* 42 U.S.C. § 1997e(c)(2).

the supervisor's wrongful conduct and the constitutional violation." *Crowley*, 734

F.3d at 977 (internal quotation marks and citation omitted); *see Lemire*, 726 F.3d at

1074–75. "Under the latter theory, supervisory liability exists even without overt

personal participation in the offensive act if supervisory officials implement a

policy so deficient that the policy itself is a repudiation of constitutional rights and

is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977

(internal quotation marks, brackets, and citation omitted).

Lowther does not allege that Harrington was personally involved with the

standing headcount at 4:30 a.m.  Nor does Lowther allege that Harrington

personally directed officers to perform a headcount at that time.  Although Lowther

asserts that the standing headcounts were conducted in accordance with "policy,"

he fails to say whether this was an official policy of the HCF or only an unofficial

policy of the corrections officers.  If it was only the latter, Lowther cannot state a

claim against Harrington. *See Aquino v. Hawaii D.P.S.*, CIV. NO. 17-00300 LEK-

RLP, 2017 WL 4574962, at *3 (D. Haw. Oct. 13, 2017) ("To the extent [plaintiff]

seeks to hold Warden Harrington or any prison official liable based solely on their

supervisory positions at HCF . . . he may not do so.").

Even assuming that the headcounts were conducted pursuant to an official

policy of the HCF, Lowther fails to state a claim.  The objective element of an

Eighth Amendment claim is "contextual and responsive to contemporary standards

10

of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (internal quotation marks and citation omitted).  "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Id.* at 9.  "Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.* (internal quotation marks and citations omitted).  Lowther has not met this standard.

Although Lowther would have preferred to sleep for eight hours without interruption, he fails to allege an "extreme deprivation."  Lowther claims that prison officials conducted a final headcount at 9:30 p.m., and a "standing headcount" at 4:30 a.m—that is, seven hours later.  After this headcount, inmates had an additional two hours before the next headcount at 6:30 a.m.  Besides the first headcount, Lowther does not allege any disturbance during the nine hours between 9:30 p.m. and 6:30 a.m.  Nor does he allege any facts suggesting that he was subjected to "chronic, long term sleep deprivation." *Goolsby v. County of San Diego*, Case No. 17cv564-WQH-NLS, 2019 WL 140792, at *2–3 (S.D. Cal. Jan 8, 2019) (concluding prisoner failed to state an Eighth Amendment claim based on alleged sleep deprivation where the "procedures alleged in the complaint are incidental to incarceration, reasonably justified, and do not pose a substantial risk

to an inmate's safety"); *see also Matthews v. Holland*, Case No. 1:14-cv-01959-SKO (PC), 2017 WL 1093847, at *3 (E.D. Cal. Mar. 23, 2017) ("Conditions which result in chronic, long term sleep deprivation may support a claim under the Eighth Amendment." (citations omitted)).  Lowther fails, therefore, to allege a "sufficiently serious" deprivation.

Unless Lowther alleges an "extreme deprivation" and "deliberate indifference" to his health or safety by a prison official, his Eighth Amendment claim fails.  Lowther's claim in Count II against Harrington is DISMISSED with leave granted to amend.

**D.    First Amendment Claim**

Lowther alleges in Count III that Defendant Gunn violated the First Amendment by maintaining an inadequate law library at the HCF.[5]  ECF No. 1 at 7.  "The First Amendment guarantees a prisoner a right to seek redress of grievances from prison authorities . . . as well as a right of meaningful access to the courts."  *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015) (citations

---

[5]  Although Lowther also cites the Fifth and Fourteenth Amendments, neither appears relevant here.  The Fifth Amendment is not applicable because it only applies to the federal government, *see Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008), and the Fourteenth Amendment does not seem relevant because Lowther does not allege that he was deprived of a protected liberty or property interest without due process of law, *see Kramer v. Cullinan*, 878 F.3d 1156, 1162 (9th Cir. 2018).  If Lowther chooses to file an amended pleading, he must clarify what relevance, if any, the Fifth and Fourteenth Amendments have to his claims.

omitted).  "'[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.'"  *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)).

As the Supreme Court has explained, however, "prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts."  *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (internal quotation marks and citation omitted).  Because there is no "abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense."  *Id.*  Instead, "meaningful access to the courts is the touchstone, and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim."  *Id.* (internal quotation marks and citation omitted).  The prisoner must allege, therefore, actual injury.  *See Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) ("Actual injury is a jurisdictional requirement that flows from the standing doctrine and may not be waived." (citation omitted)).

Lowther claims that the HCF's prison litigation manuals are more than ten years old, directories of federal and state officials are three years old, and a list of available forms is not posted.  ECF No. 1 at 7.  A prison is not required, however, "to provide its inmates with a library that results *in the best possible access to the courts.*"  *Phillips*, 588 F.3d at 656 (internal quotation marks and citation omitted). "Instead, what [is] required [is] that the resources meet minimum constitutional standards sufficient to provide meaningful, though perhaps not 'ideal,' access to the courts." *Id.* (citation omitted).  Lowther fails to allege that he suffered any actual injury because of the HCF law library's alleged deficiencies.  Indeed, in addition to filing this Complaint, Lowther also filed a petition for a writ of habeas corpus while he was incarcerated at the HCF.  *See Lowther v. Hawaii*, Civil No. 20-00401 JAO-RT (D. Haw.).  Because Lowther fails to allege that any actual injury resulted from the allegedly inadequate law library at the HCF, his First Amendment claim in Count III against Gunn is DISMISSED with leave granted to amend.

## IV.  <u>LEAVE TO AMEND</u>

The Complaint is DISMISSED with leave granted to amend.  Lowther may file an amended complaint on or before December 4, 2020, that attempts to cure the deficiencies in his claims.  Lowther may not expand his claims beyond those already alleged herein or add new claims, without explaining how those new

14

claims relate to the claims alleged in the original Complaint.  Claims that do not properly relate to his original pleading are subject to dismissal.

Lowther must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii, particularly LR10.3, which require an amended complaint to be complete itself, without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the court's prisoner civil rights form.  An amended complaint will supersede the preceding complaint. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.1; LR10.4.  Claims not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).  If Lowther fails to timely file an amended complaint that cures the deficiencies in his claims, this action may be dismissed and that dismissal may count as a "strike" under 28 U.S.C. § 1915(g).[6]

---

[6] Section 1915 (g) bars a civil action by a prisoner proceeding in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## V.  CONCLUSION

(1)  The Complaint is DISMISSED for failure to state a colorable claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

(2)  Lowther may file an amended pleading that cures the deficiencies in his claims on or before December 4, 2020.

(3)  The Clerk is directed to send Lowther a blank prisoner civil rights complaint form so that he can comply with the directions in this Order if he chooses to amend his complaint.

(4)  If Lowther fails to timely amend his pleadings or is unable to cure the deficiencies in his claims this suit may be AUTOMATICALLY DISMISSED without further notice.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, November 3, 2020.



Jill A. Otake
United States District Judge

*Lowther v. Harrington, et al.*, Civil No. 20-00343 JAO-KJM; ORDER DISMISSING COMPLAINT

16