IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EVAN KIMOKEO LOWTHER, #A1039758, | CIVIL NO. 20-00343 JAO-KJM |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT |
| v. | |
| SCOTT HARRINGTON, *et al.*, | |
| Defendants. | |

## ORDER DISMISSING FIRST AMENDED COMPLAINT

Before the Court is pro se Plaintiff Evan Kimokeo Lowther's ("Lowther")

First Amended Prisoner Civil Rights Complaint ("FAC") brought pursuant to

42 U.S.C. § 1983.  ECF No. 15.  Lowther alleges that Defendants,[1] prison officials

at the Halawa Correctional Facility ("HCF") and the Waiawa Correctional Facility

("WCF"), violated his constitutional rights by "allowing [him] only 6 hours of

sleep" and failing to provide an adequate law library or trained legal assistance.  *Id.*

---

[1]  Lowther names in their individual capacities Warden Scott Harrington ("Harrington") and Librarian Carolina Gunn ("Gunn").  Lowther withdraws his claim against Resident Section Administrator Dovie Borges ("Borges"), ECF No. 15 at 7, who is TERMINATED as a defendant.

at 5–9.  For the following reasons, the FAC is DISMISSED with leave granted to

amend.

## I. **STATUTORY SCREENING**

The Court is required to screen all in forma pauperis prisoner pleadings

against government officials pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

*See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).  Claims or

complaints that are frivolous, malicious, fail to state a claim for relief, or seek

damages from defendants who are immune from suit must be dismissed.  *See*

*Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v.*

*Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same

standard of review as that used under Federal Rule of Civil Procedure 12(b)(6).

*See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under

this standard, a complaint must "contain sufficient factual matter, accepted as true,

to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (internal quotation marks and citation omitted).  A claim is

"plausible" when the facts alleged support a reasonable inference that the plaintiff

is entitled to relief from a specific defendant for specific misconduct.  *See id.*

Rule 12 is read in conjunction with Rule 8(a)(2) when screening a

complaint; Rule 8 "requires only 'a short and plain statement of the claim showing

that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). The "mere possibility of misconduct," or an "unadorned, the-defendant-unlawfully-harmed-me accusation" falls short of meeting this plausibility standard. *Id.* at 678–79 (citations omitted); *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. **BACKGROUND**[2]

Lowther alleges that he was allowed "only 6 hours of sleep" during his incarceration at the HCF. ECF No. 15 at 5. Lowther claims that Defendant

---

[2] Lowther's factual allegations are accepted as true. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

Harrington enforced an official policy that required a standing headcount at 9:30 p.m., and a standing headcount the next morning at 4:00 a.m.[3]  *Id.*

Lowther also alleges that the law library was inadequate.  *Id.* at 8–9.  He claims that the library's materials were "many years old," and the library did not have a "posted list of current, available legal forms[.]"  *Id.* at 9.  He further claims that Defendant Gunn provided inadequate assistance by denying his requests for help and grievances.  *Id.*

Lowther seeks nominal, compensatory, and punitive damages totaling $20,000.  *Id.* at 10.

### III.  DISCUSSION

**A.     Legal Framework for Claims under 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frey*, 789 F.3d 1030, 1035–36 (9th Cir. 2015).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he

---

[3]  In his original Complaint, Lowther stated that prison officials conducted the morning headcount at 4:30 a.m., not 4:00 a.m.  *See* ECF No. 1 at 6.  Lowther does not explain this inconsistency in his pleadings.

is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted); *see Lacey v. Maricopa County*, 693 F.3d 896, 915 (9th Cir. 2012) (en banc).

**B.    Eighth Amendment Claim**

Lowther alleges in Count I that Defendant Harrington violated the Eighth Amendment by enforcing an "official policy" at the HCF that deprived him of adequate sleep.  ECF No. 15 at 5–6.

The Eighth Amendment prohibits "cruel and unusual punishments."  U.S. Const. amend. VIII.  The treatment a prisoner receives in prison and the conditions under which he is confined are both subject to scrutiny under the Eighth Amendment.  *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

The Amendment imposes duties on prison officials to "provide humane conditions of confinement."  *Farmer*, 511 U.S. at 832 (citations omitted).  Prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and they must take reasonable measures to guarantee the safety of the inmates.  *See id.*; *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009).  Courts have also recognized general rights against prison conditions that deprive inmates of sleep.  *See Rico v. Ducart*, 980 F.3d 1292, 1298 (9th Cir. 2020); *see also Walker v. Schult*, 717 F.3d 119, 126, 128 (2d Cir. 2013) (concluding that an inmate

plausibly alleged an Eighth Amendment violation for sleep deprivation caused by his five cellmates making constant and loud noise inside the cell all night); *Harper v. Showers*, 174 F.3d 716, 720 (5th Cir. 1999) ("Conditions designed to prevent sleep . . . might violate the Eighth Amendment.")

In general, a prison official violates the Eighth Amendment only when two requirements are satisfied:  (1) the deprivation alleged must be, objectively, "sufficiently serious," and (2) the official must have acted with "deliberate indifference" to inmate health or safety.  *Farmer*, 511 U.S. at 834 (citations omitted).  In order to be "sufficiently serious," "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).  Regarding the second requirement, "deliberate indifference" requires more than negligence but does not require purpose or knowledge.  *See id.* at 836.  "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety[.]"  *Id.* at 837.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.*

In general, supervisory personnel may not be held liable under 42 U.S.C. § 1983 for the actions of subordinate employees based on respondeat superior or

vicarious liability.  *See Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013); *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074–75 (9th Cir. 2013).

"A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley*, 734 F.3d at 977 (internal quotation marks and citation omitted); *see Lemire*, 726 F.3d at 1074–75.  "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (internal quotation marks, brackets, and citation omitted).

Lowther claims that Harrington, the warden of the HCF, personally enforced an "official policy" that required a 9:30 p.m. standing headcount each night and another headcount at 4:00 a.m. the following morning.  ECF No. 15 at 5.  Even assuming that the standing headcounts were conducted pursuant to an official policy enforced by Harrington, Lowther fails to state a claim.

The objective element of an Eighth Amendment claim is "contextual and responsive to contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (internal quotation marks and citation omitted).  "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Id.* at 9.

"Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.* (internal quotation marks and citations omitted).  Lowther has not met this standard.

Although Lowther would have preferred a longer period of uninterrupted sleep, he fails to allege an "extreme deprivation." *See LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) (noting that extreme deprivations are required to make out a conditions-of-confinement claim).  Lowther claims that prison officials conducted a standing headcount at 9:30 p.m., and another headcount at 4:00 a.m—that is, six and a half hours later.  Lowther does not claim that he was not allowed to sleep before the 9:30 p.m. headcount, after the 4:00 a.m. headcount, or during other times of the day.  Besides the morning headcount, Lowther does not allege any other disturbances during the night.  Lowther does not say whether these headcounts occurred only on weekdays or every day, and how long he experienced them.[4]  Lowther fails, therefore, to allege a sufficiently serious deprivation.  *See, e.g.*, *Mathis v. Ratelle*, 166 F.3d 1218 (table), 1999 WL 49101, at *1 (9th Cir. 1999) ("[A]lthough the near-constant deprivation of sleep may constitute an

---

[4]  Although Lowther references a "lengthy time period," ECF No. 15 at 6, he does not say how long he experienced the headcounts, nor does he identify how frequently they occurred.

unconstitutional condition of confinement, we do not believe that a condition of confinement that occasionally makes sleeping difficult violates the Eighth Amendment."); *Goolsby v. County of San Diego*, Case No. 17cv564-WQH-NLS, 2019 WL 140792, at *2–3 (S.D. Cal. Jan 8, 2019) (concluding that prisoner failed to state an Eighth Amendment claim based on alleged sleep deprivation where the "procedures alleged in the complaint are incidental to incarceration, reasonably justified, and do not pose a substantial risk to an inmate's safety"); *see also, e.g.*, *Garrett v. Thaler*, 560 F. App'x 375, 378–79 (5th Cir. 2014) (concluding that prisoner stated an Eighth Amendment claim where, during four hours of scheduled sleep, prison officials awoke prisoner each hour to conduct a headcount); *Matthews v. Holland*, No. 1:14-cv-01959-SKO (PC), 2017 WL 1093847, at *3 (E.D. Cal. Mar. 23, 2017) (concluding that loud beeps in 5-, 10-, 15-, and 20-minute intervals, 24 hours a day, every day, for more than a year were sufficiently extreme to meet the objective element of an Eighth Amendment claim).

Additionally, Lowther has not shown that Harrington was deliberately indifferent to a substantial risk of serious harm.  Lowther alleges no facts suggesting that Harrington knew of and disregarded an excessive risk to inmate health.  *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) ("[T]he prison official must not only be aware of facts from which the inference could be drawn

that a substantial risk of serious harm exists, but that person must also draw the inference." (internal quotation marks and citation omitted)).

Unless Lowther can allege an "extreme deprivation" and "deliberate indifference" to his health or safety by a prison official, his Eighth Amendment claim fails. Lowther's claim in Count I against Harrington is DISMISSED with leave granted to amend.

## C.    First Amendment Claim

Lowther alleges in Count II that Defendant Gunn violated the First Amendment by maintaining an inadequate law library and providing inadequate assistance. ECF No. 15 at 8–9.

"The First Amendment guarantees a prisoner a right to seek redress of grievances from prison authorities . . . as well as a right of meaningful access to the courts." *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015) (citations omitted). "'[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.'" *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)).

As the Supreme Court has explained, however, "prison law libraries and legal assistance programs are not ends in themselves, but only the means for

10

ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (internal quotation marks and citation omitted); *Madrid v. Gomez*, 190 F.3d 990, 995 (9th Cir. 1999) ("The scope of the right of access to the courts is quite limited[.]"); *Phillips*, 588 F.3d at 656 ("Our precedents confirm the limited nature of the right recognized in *Bounds*."). Because there is no "abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis*, 518 U.S. at 351. Instead, "meaningful access to the courts is the touchstone, and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* (internal quotation marks and citation omitted).

The prisoner must allege, therefore, actual injury. *See Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) ("Actual injury is a jurisdictional requirement that flows from the standing doctrine and may not be waived." (citation omitted)). A prisoner may do this in various ways, such as by showing: "that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known." *Lewis*, 518 U.S. at 351. Or the prisoner may

11

show "that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint." *Id.* States are not required to enable prisoners to discover grievances or to litigate effectively once in court. *See id.* at 354.

Lowther claims that the law library's "litigation material[s] are many years old," and "[t]here is no posted list of current, available legal forms." ECF No. 15 at 9. A prison is not required, however, "to provide its inmates with a library that results *in the best possible access to the courts*." *Phillips*, 588 F.3d at 656 (internal quotation marks and citation omitted). "Instead, what [is] required [is] that the resources meet minimum constitutional standards sufficient to provide meaningful, though perhaps not 'ideal,' access to the courts." *Id.* (citation omitted). Moreover, Lowther does not say whether his claim relates to the HCF's library, the WCF's library, or both. If Lowther chooses to amend this claim, he must specify which library was allegedly deficient and how his claim relates to that library.

Additionally, Lowther has not shown that he suffered any actual injury because of the law library's alleged deficiencies and the assistance he received from Gunn. Lowther claims that the law library's deficiencies and Gunn's assistance hindered his efforts to pursue a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court, a petition for post-conviction relief

pursuant to Hawaiʻi Rule of Penal Procedure ("HRPP") 40 in state court, and an appeal from an unspecified judgment to an unidentified court.  ECF No. 15 at 8.

Regarding his habeas petition, Lowther filed both an original and amended petition while he was incarcerated.  *See Lowther v. Hyun*, Civil No. 20-00401 JAO-RT, 2020 WL 6298065, at *1 (D. Haw. Oct. 27, 2020).  Lowther was able, therefore, to pursue his claims.  *See Phillips*, 588 F.3d at 657 ("[T]he right vindicated by *Bounds* is a right of 'meaningful access to the courts.'" (citation omitted)).  This Court ultimately dismissed the petition because, among other things, Lowther failed to exhaust his administrative remedies and filed the petition long after the one-year statute of limitations had run.  *See Lowther*, 2020 WL 6298065, at *2–5.  Lowther fails to say how any alleged deficiency in the law library led to this outcome.  Indeed, updated "litigation material[s]" and a "posted list of current, available legal forms" would not have cured the flaws in Lowther's habeas petition.  Similarly, Lowther has not shown that Gunn's assistance led to the dismissal of his petition; he does not even say when he asked for her help.

Regarding his HRPP 40 petition, Lowther fails to say when he filed it, why it was dismissed, or how updated materials, a list of available forms, or different assistance would have led to a different outcome.  Indeed, HRPP 40(c)(1) expressly states petitions in the prescribed form are "available without charge by the clerks of the various circuit and district courts to applicants upon their request."

13

Moreover, HRPP 40(c)(2) states that nonconforming petitions must be accepted and filed, so long as three basic requirements are met.  A specific form was not required, therefore, for Lowther to file an HRPP 40 petition.  Lowther has not shown how the resources available to him at the law library or Gunn's assistance prevented him from filing an HRPP 40 petition or caused it to be dismissed.

Finally, Lowther provides no details related to his alleged "inability to appeal."  ECF No. 15 at 8.  He does not say what judgment he sought to appeal, to which court, and why he was unable to do so.  *Cf. Hebbe*, 627 F.3d at 342–43 (concluding that prisoner who was prevented from filing a brief in support of his state court appeal because prison officials denied him access to prison law library during lockdown stated a First Amendment claim).  To the extent Lowther suggests that *Bounds* requires prisons to post a "list of current, available legal forms," ECF No. 15 at 9, this is not so.  In *Bounds*, the Court expressly stated that "a legal access program need not include any particular element," and the Court "encourage[d] local experimentation."  430 U.S. at 832; *see also Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994) (noting that "there is no established minimum requirement for satisfying the access requirement").  Because Lowther fails to allege that any actual injury resulted from the allegedly inadequate law library and Gunn's assistance, his claim in Count II against Gunn is DISMISSED with leave granted to amend.

14

## IV.  <u>LEAVE TO AMEND</u>

The Complaint is DISMISSED with leave granted to amend.  Lowther may file an amended complaint on or before January 20, 2021, that attempts to cure the deficiencies in his claims.  Lowther may not expand his claims beyond those already alleged herein or add new claims, without explaining how those new claims relate to the claims alleged in the First Amended Complaint.  Claims that do not properly relate to his First Amended Complaint are subject to dismissal.

Lowther must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii, particularly LR10.3, which require an amended complaint to be complete itself, without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the court's prisoner civil rights form.  An amended complaint will supersede the preceding complaint.  *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.1; LR10.4.  Claims not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey*, 693 F.3d at 928.  If Lowther fails to timely file an amended complaint that cures the deficiencies in his claims, this action may be dismissed and that dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

## V. **CONCLUSION**

(1)  Dovie Borges is TERMINATED as a defendant.

(2)  The Complaint is DISMISSED for failure to state a colorable claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

(3)  Lowther may file an amended pleading that cures the deficiencies in his claims on or before January 20, 2021.

(4)  The Clerk is directed to send Lowther a blank prisoner civil rights complaint form so that he can comply with the directions in this Order if he chooses to file an amended pleading.

(5)  If Lowther fails to timely amend his pleadings or is unable to cure the deficiencies in his claims this suit may be AUTOMATICALLY DISMISSED without further notice.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai‘i, December 21, 2020.



Jill A. Otake
United States District Judge

*Lowther v. Harrington, et al.*, Civil No. 20-00343 JAO-KJM; ORDER DISMISSING FIRST AMENDED COMPLAINT

16