IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EVAN KIMOKEO LOWTHER,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT O. HARRINGTON,<br><br>Defendant. | CIVIL NO. 20-00343 JAO-KJM<br><br>ORDER DISMISSING ACTION |

**ORDER DISMISSING ACTION**

Pro se Plaintiff Evan Kimokeo Lowther ("Plaintiff") commenced this action on August 10, 2020. ECF No. 1. On March 5, 2021, the Court issued an Order Dismissing Second Amended Complaint in Part and Directing Service. ECF No. 19. The Court directed the Clerk's Office to send Plaintiff service documents and instructed Plaintiff to complete and mail these documents to the United States Marshal. *Id.* at 16. On July 7, 2021, the Court issued an Entering Order directing Plaintiff to show cause in writing on or before July 21, 2021, why this case should not be dismissed for failure to prosecute or to comply with a Court order. ECF No. 23. The Court noted that it did not appear as though Plaintiff had either returned the service documents to the United States Marshal or effectuated service on his own. *Id.* Plaintiff failed to file a timely response.

A district court may dismiss *sua sponte* an action for failure to comply with court rules or orders or to prosecute the action. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). In determining whether dismissal is appropriate, district courts consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006).

Given Plaintiff's failure to file a timely response to the Court's July 7, 2021 Entering Order, the Court finds that the relevant factors support dismissal of this action. The public's interest in expeditious resolution of this litigation strongly favors dismissal, as does the court's need to manage its docket. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Moreover, there is no risk of prejudice to Defendant. Finally, there are currently no less drastic alternatives available. The Court recognizes that the public policy favoring disposition of cases on their merits weighs against dismissal. Nevertheless, considering the totality of the circumstances and because the other factors favor dismissal, this factor is outweighed.

## CONCLUSION

(1) In accordance with the foregoing, this action is HEREBY DISMISSED without prejudice.

(2) The Clerk is DIRECTED to ENTER JUDGMENT and close the file.

IT IS SO ORDERED.

DATED:   Honolulu, Hawai'i, August 4, 2021.



Jill A. Otake
United States District Judge

Civil No. 20-00343 JAO, *Lowther v. Harrington*, Order Dismissing Action